UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARK L. WICKS,

                    Petitioner,

   v.

STEVEN RACETTE,[1]

                    Respondent.

9:14-CV-0042
(GLS)

---

APPEARANCES:

MARK L. WICKS
09-A-0608
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

HON. ERIC T. SCHNEIDERMAN    THOMAS B. LITSKY, AAG
Attorney for Respondent
Office of the Attorney General
120 Broadway
New York, New York 10271

GARY L. SHARPE
Chief United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

Petitioner Mark L. Wicks filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges a 1990 judgment of conviction for third degree rape and other charges. Dkt. No. 4, Amended Petition ("Am. Pet."). Respondent filed a response to the amended petition and the relevant state court records, and petitioner filed a

---

[1] The court substituted Steven Racette, the current superintendent at the Clinton Correctional Facility, as the respondent. 28 U.S.C. § 2243; *see Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (proper respondent is person having custody over the petitioner).

reply. Dkt. No. 9, Answer; Dkt. No. 10, Respondent's Memorandum of Law in Opposition to the Amended Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 11, State Court Records ("SR"); Dkt. No. 12, Reply.

For the reasons that follow, the amended petition is dismissed.

## II. RELEVANT BACKGROUND

### A. Petitioner's 2009 conviction

In January 2009, petitioner was convicted by a jury, in Warren County Court, of first degree sexual abuse and petit larceny. He was sentenced as a persistent felony offender to serve an indeterminate prison sentence of twenty-two years to life. The Appellate Division affirmed the conviction and sentence, and the New York Court of Appeals denied leave to appeal. *People v. Wicks*, 73 A.D.3d 1233 (3d Dep't. 2010), *lv. denied* 15 N.Y.3d 857 (2010), *recon. denied* 18 N.Y.3d 862 (2011).

In September 2011, petitioner filed a section 2254 habeas petition in which he challenged the 2009 conviction. *Wicks v. LaValley*, No. 9:11-CV-1167 (JKS), Dkt. No. 1, Petition. On October 30, 2013, the petition was denied and dismissed on the merits. *Id.*, Dkt. No. 40, Memorandum Decision, Singleton, J.; Dkt. No. 41, Judgment.

Petitioner is currently in custody serving the 2009 sentence.

### B. The Challenged 1990 Conviction

On November 19, 1990, petitioner pleaded guilty in Saratoga County Court to third degree rape and two counts of driving while intoxicated. R. Mem. at 2; Dkt. No. 11-1 at SR 2-3, Sentencing Transcript, Dec. 21, 1990. On December 21, 1990, petitioner signed a written waiver of his right to appeal, and was sentenced as a "predicate felony offender" to an aggregate indeterminate term of one and one-half to three years in prison. *Id.* at 3-5.

Petitioner did not appeal, and the next litigation began on April 18, 2013, when he filed a motion to vacate the 1990 conviction and sentence pursuant to New York Criminal Procedure Law ("CPL") §§ 440.10 and 440.20.  Dkt. No. 11-1 at SR 18-66, Affidavit in Support of Notice of Motion to Vacate and Set Aside Both Judgment of Conviction and Sentence.  The People opposed the motion, and petitioner filed a reply.  *Id.* at SR 67-75, Affirmation and Memorandum of Law in Opposition to Motion pursuant to Criminal Procedure Law article 440; SR 77-83, Response to People's Opposition Brief.

On September 24, 2013, the Saratoga County Court denied petitioner's motion.  Dkt. No. 11-1 at SR 84-88, Decision and Order, Scarano, J.  The Appellate Division denied petitioner's application for leave to appeal on November 22, 2013.  *Id.* at SR 96.

### C.     Proceedings in This Court

Petitioner filed his original habeas petition on January 13, 2014.  Dkt. No. 1, Petition.  On January 30, 2014, the court directed him to file an amended petition addressing several deficiencies.  Dkt. No. 3, Decision and Order.  Petitioner complied with the court's order and filed an amended petition, dated February 6, 2014.  Dkt. No. 4, Am. Pet.

In his amended petition, petitioner argues that his 1990 conviction should be vacated on the following grounds: his plea was invalid and unconstitutional because the sentencing transcript does not reflect that defense counsel or the court discussed the waiver of appeal (Ground One); the trial court erroneously adjudicated him a predicate felony offender because the court relied upon the People's predicate felony statement that did not comport with CPL §400.21, and the court failed to follow proper procedures (Ground Two); and the court and defense counsel did not advise him of the possibility that his conviction could be used to enhance future sentences (Ground Three).  Am. Pet. at 5-6.

3

On March 6, 2014, the court directed petitioner to file an affirmation in which he stated why the court should not dismiss his petition as time-barred under the AEDPA's one-year statute of limitations period. Dkt. No. 5, Decision and Order. Petitioner submitted the required affidavit, dated March 17, 2014. Dkt. No. 6, Affidavit. On April 2, 2014, respondent was directed to answer the amended petition, limited to addressing the issue of whether it was timely. Dkt. No. 7, Decision and Order.

On June 30, 2014, respondent answered the amended petition and argued: (1) the court lacks jurisdiction over the amended petition because petitioner is not "in custody" on the 1990 conviction within the meaning of 28 U.S.C. §2254; and (2) the amended petition is untimely and there is no basis to apply equitable tolling or an equitable exception. Dkt. No. 10, R. Mem. at 4-12. Petitioner filed a reply, in which he reiterates much of the information in his amended petition. Dkt. No. 12, Reply at 2. He also states that there was "no major time lapse" between when the state courts denied his claims and when he brought his habeas petition. Dkt. No. 12, Reply at 2.

## III. DISCUSSION

### A. Jurisdiction - the "in custody" requirement

28 U.S.C. § 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a), *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). This statutory language has been interpreted to require that a petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng*, 490 U.S. at 490-91; *Bomasuto v. Perlman*, 680 F. Supp. 2d 449, 455-46 (S.D.N.Y. 2010). The Supreme Court explicitly ruled that a habeas petitioner

4

does not "remain in custody under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Maleng,* 490 U.S. at 492; *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (holding that once a petitioner's sentence has expired he or she is no longer "in custody" under that conviction, "even when the possibility exists that the conviction may be used to enhance a future sentence.").

The arguments in petitioner's amended petition, affirmation and reply are directed solely at the validity of his 1990 conviction. Am. Pet. at 5-6; Affirmation at 1-3; Reply at 1-6. Petitioner's sentence expired on May 19, 1993. *See* Inmate Information, Mark L. Wicks, Inmate Number 91-A-0039, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited Nov. 24, 2014). Because petitioner's sentence expired in 1993, he was not "in custody" within the meaning of section 2254 when he filed this petition in 2014. He cannot, therefore, "bring a federal habeas petition directed solely at" the 1990 conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (plurality opinion).

Additionally, the amended petition may not be properly interpreted as asserting a challenge to the 2009 sentence for which petitioner is in custody, "as enhanced by the allegedly invalid [1990] conviction[.]"[2] *Coss*, 532 U.S. at 401;[3] *see Williams v. Edwards*, 195

---

[2] Petitioner states in his cover letter that he is "not challenging the January 2009 conviction," but then states he believes it is "wrong for the court to be able to use [the prior convictions] to enhance this sentence[.]" Dkt. No. 4-1, Cover Letter at 1. In his Reply, petitioner states, "Where on this earth is there anyone serving a life sentence for a D Felony and when the person stayed out of trouble for 6 years straight[?]" Dkt. No. 12, Reply at 4.

[3] In *Coss*, the Supreme Court explained that once a state court conviction is no longer open to direct or collateral attack, it is considered conclusively valid, and if it is later "used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Coss*, 532 U.S. at 403-04. The Court's majority

F.3d 95, 96 (2d Cir. 1999) (per curiam) (the "in custody" requirement is satisfied "when a *pro se* petition, liberally construed, 'can be read as asserting a challenge to [a current] sentence [], as enhanced by [an] alleged invalid prior conviction.'") (quoting *Maleng*, 490 U.S. at 493-94) (alterations in original).  That interpretation would require the court to review the sentence imposed on the 2009 conviction, but petitioner already litigated a section 2254 petition challenging his 2009 conviction.  *Wicks*, No. 9:11-CV-1167.  This court lacks jurisdiction to consider a second or successive habeas petition challenging the sentence imposed on the 2009 conviction without authority from the Second Circuit Court of Appeals.  *See* 28 U.S.C. §§2244(b)(1)-(3) (requiring individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application); *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam) ("Burton twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it."); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) (holding that the authorization requirement under the AEDPA "is jurisdictional and therefore cannot be waived."); *Towne v. Vermont*, NO. 2:06-CV-0202, 2007 WL 1839628 at *4 (D. Vt. Jun. 25, 2007) ("In *Maleng*, the Supreme Court held that although the petitioner could not challenge his expired state sentence, he was 'in

---

recognized an exception to this general rule if the petitioner "can demonstrate that his *current* sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment."  *Id.* at 404-05 (emphasis added).  Three Justices recognized two other possible exceptions: 1) a state court, "without justification, refuse[d] to rule on a constitutional claim that has been properly presented to it," or 2) "after the time for direct or collateral review has expired" a defendant obtains new evidence that "he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner."  *Id.* at 405 (citations omitted).

custody' for purposes of the unexpired state sentence. In this case, Towne has already brought a § 2254 petition challenging his murder conviction, and the Court has no jurisdiction to hear a 'second or successive petition' with respect to that same conviction.") (internal citation omitted).

In sum, this court lacks jurisdiction over petitioner's challenge to the validity of his 1990 conviction, and the petition is therefore dismissed.

## IV.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the amended petition for a writ of habeas corpus, Dkt. No. 4, is **DISMISSED FOR LACK OF JURISDICTION**; and it is further

**ORDERED** that no certificate of appealability shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[4] and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 25, 2014
         Albany, New York

*(signature)*
Gary L. Sharpe
Chief Judge
U.S. District Court

---

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").